IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASTLE MORTGAGE CORP, aka PLATINUM FUNDING SOLUTIONS LLC, and LAWRENCE P. PITTS, DIRECTOR, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-1969-N (BF) |
| GMAC MORTGAGE LLC, fka GMAC MORTGAGE CORPORATION, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court is Defendant GMAC Mortgage LLC's ("GMAC") Rule 12(c) Motion for Judgment on the Pleadings (doc. 8, "Motion for Judgment on the Pleadings"), filed on July 19, 2012. This Court extended the time for Plaintiffs Castle Mortgage Corporation ("Castle Mortgage") and Lawrence P. Pitts ("Pitts") (collectively referred to as "Plaintiffs") to respond to GMAC's motion until February 4, 2013. Plaintiffs filed a response on that date, and GMAC subsequently filed its reply. For the following reasons, the Court recommends that the District Court **GRANT** GMAC's Motion for Judgment on the Pleadings and **DISMISS** Plaintiffs' claims against GMAC with prejudice.

.

## Background[1]

Plaintiffs originally filed this lawsuit on June 4, 2012 in the 116th Judicial District Court of Dallas, County, Texas. GMAC thereafter removed the action to this Court based on diversity jurisdiction. This dispute concerns property located at 2714 Country Valley Road, Garland, Texas 75043 (the "Property"). (Pls.' Compl. ¶ 5.) Plaintiffs filed this action to prevent a foreclosure sale of the Property, which was scheduled for June 5, 2012. (*Id.* at 1.) Plaintiffs aver that Castle Mortgage originally purchased the Property on September 26, 1994. (*Id.* at ¶ 5.) Plaintiffs took out a mortgage loan for the Property, executing a promissory note (the "Note") in the amount of $152,800.00 payable to Home Savings of America, FSB. (*Id.* at Ex. C.) The Note is secured by a Deed of Trust. (*Id.* at Ex. D.) Plaintiffs allege that through an "Assumption Warranty Deed with Vendors Lien", Platinum Funding Solutions, LLC ("Platinum Funding") acquired the Property on August 9, 2007. (*Id.* at ¶ 5, Ex. D.)

In their Complaint, Plaintiffs seek declaratory relief and injunctive relief. Plaintiffs request that the Court declare the Deed of Trust null and void. (*Id.* at ¶ 13.) Plaintiffs further request that the Court find that the Note and Deed of Trust split, thus rendering GMAC's interest in the Property unenforceable. (*Id.*) Plaintiffs also seek a temporary and permanent injunction restraining GMAC from foreclosing on the Property.

## Standard of Review

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a

---

[1] These facts were taken from Plaintiffs' Emergency Petition, Request for Temporary Restraining Order and Application for Temporary Injunction (referred to as "Complaint").

motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Furthermore, a court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

Federal Rule of Civil Procedure 8(a) sets forth the pleading requirements in federal cases. The Rule states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is to put the defendant on fair notice of what the claim is and upon what grounds it rests. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleader's bare averment that he wants relief and is entitled to it does not suffice. *Twombly,* 127 S.Ct. at 1965-66.

To survive a motion for judgment on the pleadings, "the plaintiff must plead 'enough facts to state a claim that is plausible on its face.'" *Guidry,* 512 F.3d at 180 (quoting *Twombly,* 127 S.Ct. at 1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* The court should assume that all the factual allegations in the complaint are true, even if doubtful in fact. *Id.* The ultimate question in Rule 12(b)(6) and Rule 12(c) motions is whether the complaint states a valid claim for relief when it is viewed in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

## Analysis

**Declaratory Relief**

Plaintiffs seeks declaratory relief pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code. Declaratory judgments are remedial in nature and serve "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002. Plaintiffs contend that GMAC lacks standing to foreclose on the Property because, among other things, the assignment of the Deed of Trust from Mortgage Electronic Registration Systems ("MERS") to GMAC was invalid. (Pls.' Compl. ¶¶ 7-9.) GMAC counters that Plaintiffs lack standing to challenge the assignment of the Deed of Trust. This Court agrees.

An assignment is a transfer of a right or interest, and thus is a contract between the assignor of the right or interest and the assignee. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App. 2010, pet. denied). Upon transfer, the assignee becomes authorized to assert that right or interest. *Id.* Assignments are governed by contract law and only parties to the assignments have standing to contest them. *See Eskridge v. Federal Home Loan Mortgage Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding the plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments); *Woods v. Bank of Am., N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012) (holding that the plaintiff lacked standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment). Plaintiffs do not allege, and they have not provided any evidence demonstrating that they were a party to the assignment they contest. Plaintiffs, therefore, lack standing to contest the assignment of the Deed of Trust.

Plaintiffs also argue that the Deed of Trust and Note split when the Note "became securitized and

sold on Wall Street". (Pls.' Compl. ¶ 11.) Curiously, to support this contention, Plaintiffs cite a long string of cases which hold that mortgages are inseparable from promissory notes. (*Id.*) In Texas, a Deed of Trust is a mortgage with a power of sale upon default. *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *3 (N.D. Tex. July 12, 2012) (citation omitted). Indeed, courts have consistently held that the deed of trust automatically transfers the debt, which is evidenced by the promissory note, thus rejecting the "split the note" theory. *Id.* (explaining that the Deed of Trust has no legal effect without the Note so a transfer of the Deed of Trust automatically transfers the Note); *Valdez v. Fed. Home Loan Mort. Corp.,* No. 3:11–CV1363, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011) ("When a note is transferred from one mortgage to another, the interest in the subject deed of trust goes along with it."); *Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11–CV–417, 2011 WL 5837262, at *5 (E.D. Tex. Oct. 28, 2011) ("A transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."); *Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-2871-L, 2012 WL 1836095, at *3 (N.D. Tex. May 21, 2012) (rejecting the split the note theory because there was no merit to plaintiffs' argument that the deed of trust and note were "split"). Plaintiffs' contention that the Deed of Trust and Note split thereby fails.

Plaintiffs additionally claim that the Note is unenforceable because it was never recorded in the county recorder's office. (Pls.' Compl. ¶ 10.) Plaintiffs make the conclusory allegation that "[c]ourt rulings have established that notes that have not been properly recorded are uneforceable." (*Id.*) However, Plaintiffs fail to cite to any case law or statute to support this argument. Texas law does not require the deed of trust to be recorded, much less the promissory note. *See Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (holding that transfers and assignments of liens do not need to be recorded prior to the mortgage servicer foreclosing on the property); *Denson v. First*

5

*Bank & Trust of Cleveland,* 728 S.W.2d 876, 877 (Tex.App.– Beaumont 1987, no writ) (holding a deed of trust does not need to be recorded in order to convey title to the property); *Shaw v. Jackson,* 227 S.W. 520, 522 (Tex.Civ.App.– Beaumont 1920, no writ) (holding a valid lien was created despite the lien not being recorded in the county records). Moreover, Section 13.001 of the Texas Property Code provides that an "unrecorded instrument is binding on a party to the instrument." TEX. PROP. CODE ANN. § 13.001(b). Plaintiffs' argument that the Note must have been recorded in order to be enforceable fails.

Finally, Plaintiffs argue that GMAC lacks standing because it is "pursuing a foreclosure action against the incorrect party". (Pls.' Compl. ¶ 6.) Plaintiffs claim that the property was transferred from Castle Mortgage to Platinum Funding on August 9, 2007. (*Id.*) Aside from the fact that the "Assumption Warranty Deed with Vendors Lien" appears to the Court to be a fraudulent transfer,[2] Plaintiffs' argument fails for several reasons. First, the Deed of Trust expressly prohibits Plaintiffs from transferring the Property without first obtaining written consent of the Beneficiary.[3] (*See* App. to Def.'s Br. Ex. B ¶ 16.) Plaintiffs do not allege that the Beneficiary consented to the transfer, and instead claim that they notified GMAC several years after the purported transfer. Furthermore, the Deed of Trust binds the parties' "heirs, legatees, devisees, administrators, executors, successors and assigns." (*Id.* at ¶ 31.) Moreover, regardless of the language in the "Assumption Warranty Deed with Vendors Lien", it is axiomatic that a purchaser with notice of a lien takes the property subject to that lien. *See Conversion Properties, L.L.C. v. Kessler*,

---

[2] In the instrument purporting to transfer the property from Castle Mortgage to Platinum Funding, the language indicates that the property is to be transferred without any of the liens and conveyances that affect the property. (Pls.' Compl. Ex. D.)

[3] GMAC included a copy of the Deed of Trust along with its Motion for Judgment on the Pleadings. This Court will consider the documents attached to the motion because they are central to Plaintiffs' claims and are referenced in Plaintiffs' Complaint. *See Collins*, 224 F.3d at 498-99.

994 S.W.2d 810, 813 (Tex. App. – Dallas 1999); *DTND Sierra Investments, LLC v. Bank of America, N.A.,* 871 F.Supp.2d 567, 573 (W.D. Tex. 2012). Finally, assuming *arguendo* that the transfer in the "Assumption Warranty Deed with Vendors Lien" was valid, the instrument purports to transfer both the Note and Deed of Trust from Castle Mortgage to Platinum Funding. (Pls.' Compl. Ex. D.) Plaintiffs cannot escape their obligation under the Note and Deed of Trust by purporting to transfer the property to another corporation that is owned by Pitts. Plaintiffs' argument that GMAC lacks standing because it is pursing foreclosure against the wrong party is without merit.[4]

The Court finds that GMAC, as the mortgage servicer on Plaintiffs' loan, had the power to foreclose on Plaintiffs' property upon their default. The Deed of Trust was transferred from Washington Mutual Bank, FA, successor by merger to Home Savings of America, FSB, to The Bank of New York Mellon Trust Company, National Association, as Trustee. (App. to Def.'s Br. Ex. C.) GMAC was acting on behalf of The Bank of New York Mellon in pursuing the foreclosure. The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property." TEX. PROP. CODE ANN. § 51.0025. Plaintiffs have failed to plead sufficient facts which would establish a plausible claim for which this Court could provide declaratory relief. Hence, the Court recommends dismissal of Plaintiffs' request for declaratory relief.

---

[4] The Court notes that to the extent Plaintiffs suggest that GMAC should have sent foreclosure notices to Platinum Funding instead of Castle Mortgage, this argument fails as well. Texas law does not require foreclosure notices to be sent to persons who are not parties to the deed of trust. *See Rodriguez v. Ocwen Loan Servicing, LLC,* 306 Fed. Appx. 854, 856 (5th Cir. 2009); *Mitchell v. Deutsche Bank & Trust Co.,* No. 3:10-CV-1812-BH, 2012 WL 1670168, at *3 (N.D. Tex. May 14, 2012). Plaintiffs do not allege that Platinum Funding was a party to the Deed of Trust, and indeed Platinum Funding was not.

**Injunctive Relief**

A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex.App.– Houston 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiffs have failed to plead sufficient facts to establish any valid causes of action against GMAC, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiffs' request for injunctive relief should be dismissed as well.

**Plaintiffs' Response**

Plaintiffs contend that foreclosure is improper because there has been no validation of the debt and they requested "to see the <u>original wet ink copy</u> of the note." (Pls.' Resp. ¶ 7.) In Texas, a mortgage servicer is not required to produce the Note prior to foreclosure. *See Broyles,* 2011 WL 1428904, at *3; *Sawyer v. MERS,* No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010). Plaintiffs' argument fails.

In addition, in Plaintiffs' response, they appear to assert, for the first time, several causes of action. Although it is improper for this Court to consider a claim which is not raised in Plaintiffs' Complaint, this Court will briefly address those claims, as they do not affect the Court's recommendation on the Motion for Judgment on the Pleadings. *See Collins*, 224 F.3d at 498 (a court generally cannot look beyond the complaint and any documents attached to it when resolving a Rule 12(b)(6) controversy).

In their response, Plaintiffs appear to assert a claim under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 *et seq*. Under the FDCPA, a "debt collector" is a party who collects a debt on behalf of another entity and does not include "the consumer's creditor, a mortgage servicing company,

or an assignee of a debt." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). As the servicer on the mortgage account of Plaintiffs' loan, GMAC is a mortgage servicing company, and therefore, not a "debt collector" under the FDCPA. The FDCPA is inapplicable here.

Plaintiffs also attempt to assert a cause of action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.A. § 2601 *et seq.*, and "6 acts of Congress". (Pls.' Resp. ¶ 5.) Plaintiffs aver "[a]nother issue is that RESPA as well as 6 acts of Congress requires a borrower notification every time the mortgage gets transferred. There has never been a notification sent." (*Id.*) Plaintiffs fail to cite to any provision in the RESPA statute, or any case law, to support such a contention. Furthermore, this Court is unable to discern what constitutes the "6 acts of Congress". Plaintiffs' conclusory allegations do not suffice to demonstrate a valid claim for relief when viewed in a light most favorable to Plaintiffs.

### Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** GMAC's Motion for Judgment on the Pleadings (doc. 8) and **DISMISS** Plaintiffs' claims against GMAC with prejudice because Plaintiffs failed to plead sufficient facts to state a plausible claim against GMAC.

**SO RECOMMENDED**, February 26, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).