IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASTLE MORTGAGE CORP a/k/a PLATINUM FUNDING SOLUTIONS LLC and LAWRENCE P. PITTS, DIRECTOR, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:12-CV-1969-N-BF |
| GMAC MORTGAGE LLC f/k/a GMAC MORTGAGE CORPORATION, | § | |
| Defendant. | § | |

**ORDER**

The Court has under consideration the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Doc. 28] as to Defendant GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation's ("GMAC") motion for judgment on the pleadings [8]. Plaintiffs have filed objections, and the Court has made a *de novo* review of those portions of the Findings, Conclusions, and Recommendation to which objection was made. The Court sustains one objection and overrules the rest. Consequently, the Court grants GMAC's motion in part and denies it in part.[1]

The Court construes pleadings of pro se litigants like Plaintiffs liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). In this case, Plaintiffs' complaint asserts that

[1]The Court assumes familiarity with the facts of this case, which are set out in the Findings, Conclusions, and Recommendation.

GMAC cannot foreclose on Plaintiffs' property for a variety of reasons. Construing the petition liberally, the Court reads it to contend that one of those reasons is that the initial holder of the deed of trust ("Deed") relating to the mortgage of Plaintiffs' property was Mortgage Electronic Registrations System ("MERS"). Plaintiffs maintain that MERS is a "fictitious entity" and that because of its allegedly fictitious nature it lacked the ability to assign the Deed. *See* Pet. [1-3] ¶¶ 7–9.

GMAC contends that Plaintiffs lack standing to challenge the assignment. The Court disagrees. As this Court has previously noted,

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.

*Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (quoting *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 WL 3027990, at *4–5 (W.D. Tex. May 15, 2012)); *accord Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012) ("Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid.") (citing *Tri-Cities Constr., Inc. v. American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. – Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App. – San Antonio 1959, writ ref'd n.r.e.)).

As the *Glass* court observed, "a debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, *any matters rendering the assignment absolutely invalid or ineffective*, and the lack of plaintiff's title or right to sue." 330 S.W.2d at 537 (quoting 6 C.J.S. *Assignments* § 132 [no ed. given])[2] (emphasis added). And, as the *Miller* court recognized, "Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." 2012 WL 3206237, at *5 (citing *Martin v. New Century Mortg. Co.*, No. 01-11-00792-CV, 2012 WL 2529251 (Tex. App. – Houston [1st Dist.] June 14, 2012, no pet.); *Austin v. Countrywide Home Loans*, 261 S.W.3d 68 (Tex. App. – Houston [1st Dist.] 2008, pet denied); *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App. – Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone*, 99 S.W.3d 263 (Tex. App. – Eastland 2003, no pet.); *Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937 (Tex. App. – Austin 1996, no writ)). In other words, Plaintiffs have standing to assert that the assignment is *void*, but they lack standing to assert that it is *voidable*.

Because Plaintiffs' argument is that MERS's allegedly fictitious nature rendered the Deed's assignment void, *see, e.g.*, Pet. ¶¶ 5, 13, they have standing to bring this claim. None of the documents the Court may consider at this stage of the litigation disproves Plaintiffs' claim. The Court takes no position on the merits of this argument; rather, it concludes only that Plaintiffs have validly stated it. If GMAC wishes to offer evidence to challenge the

---

[2]This text appears unaltered in the current edition of Corpus Jurus Secundum. *See* 6A C.J.S. *Assignments* § 132.

claim, it must do so in a motion for summary judgment, not a motion for judgment on the pleadings.

Accordingly, the Court grants GMAC's motion in part and denies it in part. The Court denies the motion as to Plaintiffs' claims for declaratory and injunctive relief on the theory that the assignment of the Deed from MERS to GMAC is void because MERS is a "fictitious entity" that lacked the power to assign the Deed. The Court grants the motion as to all other claims and dismisses those claims with prejudice. The Court re-refers the case to Magistrate Judge Stickney for all further pretrial management.

Signed March 18, 2013.

David C. Godbey
United States District Judge