IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASTLE MORTGAGE CORP, a/k/a PLATINUM FUNDING SOLUTIONS, LLC, and LAWRENCE P. PITTS, DIRECTOR, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-1969-N (BF) |
| GMAC MORTGAGE, LLC, f/k/a GMAC MORTGAGE CORPORATION, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant GMAC Mortgage, LLC's ("GMAC") Motion for Summary Judgment and Incorporated Brief in Support Thereof (doc. 32, "Motion for Summary Judgment"), filed on March 19, 2013. This Court extended the time for Plaintiffs Castle Mortgage Corporation ("Castle Mortgage") and Lawrence P. Pitts ("Pitts") (collectively referred to as "Plaintiffs") to respond to GMAC's motion. Plaintiffs filed a response on June 10, 2013, and GMAC subsequently filed its reply. For the following reasons, the Court recommends that the District Court **GRANT** GMAC's Motion for Summary Judgment and enter judgment in favor of GMAC.

.

**Undisputed Material Facts**[1]

This case arises out of foreclosure proceedings initiated against the real property located at 2714 Country Valley Road, Garland, Texas 75043 (the "Property"). (Pls.' Compl. ¶ 5.) Plaintiffs challenged the foreclosure sale by filing this lawsuit on June 4, 2012, in the 116th Judicial District Court of Dallas, County, Texas. GMAC thereafter removed the action to federal court based on diversity jurisdiction.

On September 26, 1994, Plaintiffs executed a promissory note (the "Note") in favor of Home Savings of America, FSB ("Home Savings") in the amount of $152,800.00. (*Id.* at Ex. C.) Plaintiffs simultaneously executed a Deed of Trust, conveying a security interest in the Property to Home Savings should Plaintiffs default on the mortgage loan. (App. to Def.'s MSJ at 4-11, Ex. A.) The Deed of Trust and Note were thereafter assigned to The Bank of New York Mellon Trust Company, National Association ("BONYM"). (Pls.' Compl at 1, ¶ 5, Ex. C.) Plaintiffs defaulted on the mortgage loan and BONYM initiated foreclosure proceedings against the Property. (*Id.* at 1, ¶ 5.)

Plaintiffs seek declaratory and injunctive relief for various reasons contained in their Complaint. However, after GMAC filed a motion for judgment on the pleadings, the District Court dismissed all of Plaintiffs' claims with prejudice except for their claim related to the assignment of the Deed of Trust. (Doc. 30). Subsequently, GMAC filed its Motion for Summary Judgment addressing Plaintiffs' remaining claim. The motion is now ripe for review.

**Standard of Review**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid*

---

[1] These facts are taken collectively from Plaintiffs' Emergency Petition, Request for Temporary Restraining Order and Application for Temporary Injunction ("Complaint") and GMAC's Motion for Summary Judgment ("MSJ").

*Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

      Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose

a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *see* FED. R. CIV. P. 56(c) (affidavits shall be based on personal knowledge and shall set forth such facts as would be admissible in evidence). Although Plaintiffs are proceeding *pro se* in this matter, and their pleadings should be liberally construed, their *pro se* status does not absolve them from their duty to set forth specific facts supporting their claims. *See Bookman v. Shubzda,* 945 F.Supp. 999, 1004-005 (N.D. Tex. 1996). "There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Id*. at 1005.

### Plaintiffs' Objections

Plaintiffs' response fails to address the issue presented in GMAC's Motion for Summary Judgment. Thus, Plaintiffs have not met their burden of designating specific facts which relate to their claims and would create genuine issues for trial. *See Bookman,* 945 F.Supp. at 1004-005. Instead, Plaintiffs reiterate issues which have already been raised and denied by this Court. Plaintiffs aver that GMAC lacks standing to foreclose because it is not the real party in interest and it "cannot show proof of consideration in the financing of the mortgage." (Pls.' Resp. at 1.) As the Court has previously explained, the "real party in interest" under Federal Rule of Civil Procedure 17(a) deals with the prosecution of lawsuits and, thus, is not applicable to GMAC as a defendant. FED. R. CIV. P. 17(a). In addition, to the extent Plaintiffs might

4

be arguing that GMAC lacks standing to foreclose because it cannot prove that it is the holder of the Note, this "show-me-the-note" theory has been rejected by the Fifth Circuit. *See Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 254 (5th Cir. 2013) ("We find no contrary Texas authority requiring production of the 'original' note. The original, signed note need not be produced in order to foreclose."). *See also Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (explaining that the mortgage servicer has a statutory right to foreclosure and, thus, does not need to produce the original note); *Sawyer v. MERS,* No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (holding that a mortgage servicer is not required to prove it is the "holder" of the note and deed of trust, or to produce the original loan documents). This Court has already found that GMAC, as the mortgage servicer on Plaintiffs' loan, had the power to foreclose on Plaintiffs' property upon their default. This objection is overruled.

Plaintiffs' next objection addresses the issue of subrogation, which this Court has already denied. (Doc. 26.) However, Pitts previously sought to subrogate into the shoes of Castle Mortgage, whereas he now seeks to subrogate into the shoes of Platinum Funding Solutions, LLC ("Platinum Funding"). (Pls.' Resp. at 1.) Pitts claims "[t]here is no Castle Mortgage Corp. to be subrogated only GMAC used this name." (*Id.*) For reasons this Court has already explained, subrogation is not applicable in this matter. (*See* Doc. 26) ("Pitts does not claim that he has paid a debt or loss of Castle Mortgage and thus is stepping into its shoes for equitable reasons to collect the debt."). Furthermore, to the extent Pitts is again arguing that GMAC is pursuing foreclosure against the incorrect party because the property was transferred to Platinum Funding, this argument lacks merit. In this Court's findings entered on February 26, 2013, the Court explained that the Deed of Trust prohibited Plaintiffs from transferring the Property without the consent of the beneficiary and, moreover, the Deed of Trust expressly binds the parties' "heirs, legatees, devisees,

administrators, executors, successors and assigns." (Doc. 28 at 6.) The Court further explained that "Plaintiffs cannot escape their obligation under the Note and Deed of Trust by purporting to transfer the property to another corporation that is owned by Pitts." (*Id.* at 7.) Finally, it appears to the Court that Pitts seeks to subrogate into the shoes of Platinum Funding so that he does not have to obtain counsel. (Pls.' Resp. at 1-2.) This Court has repeatedly advised Pitts that a corporation cannot proceed *pro se*. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (explaining that 28 U.S.C. § 1654 authorizes individuals to appear *pro se*, however, since the statute is silent regarding corporations, it has been interpreted as requiring corporations to appear with an attorney); *In Re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) ("[t]he law is clear that a corporation as a fictional legal person can only be represented by licensed counsel. This is so even when the person seeking to represent the corporation is its president and major stockholder.") This objection is overruled.

In Plaintiffs' final objection, Plaintiffs aver that they did not consent to proceed before a magistrate judge under 28 U.S.C. § 636(c) and, thus, this Court lacked the authority "to enter a final disposition of the subrogation issue." (Pls.' Resp. at 2.) However, this Court is proceeding pursuant to 28 U.S.C. 636(b) and, therefore, has the authority to determine non-dispositive pretrial matters. The Court is not recommending dismissal because of the subrogation issue, thus, it is not a dispositive matter for which the Court lacks jurisdiction. *See* 28 U.S.C. § 636(b)(1)(A). This objection is also overruled.

## Analysis

Plaintiffs bring their Complaint pursuant to the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq*. The Texas Act typically does not apply to removed actions, however, because the case has been removed, this Court can construe the action as being brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Jones v. Deutsche Bank Nat'l Trust Co.*, No.

3:12-CV-3929-L, 2013 WL 3455716, at *10 (N.D. Tex. July 9, 2013). Regardless, a declaratory judgment does not create any substantive rights or causes of action, but instead is merely a procedural device. *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Plaintiffs also seek injunctive relief in their Complaint. A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex.App.– Houston 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Thus, Plaintiffs must establish a substantive underlying claim in order for the Court to award declaratory or injunctive relief.

Plaintiffs' remaining claim, after the District Court dismissed their other claims, challenges the assignment of the Deed of Trust. (Pls.' Compl. ¶¶ 7-9.) The Fifth Circuit has recently found that a plaintiff who is not a party to an assignment can challenge that assignment on any ground that renders it void, but not on grounds that renders it voidable only. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 705 (5th Cir. 2013) (explaining that in Texas although "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'") (quoting *Tri–Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex.Civ.App.– Houston [1st Dist.] 1975, no writ)). *See also Puente v. CitiMortgage, Inc*., No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (distinguishing between void and voidable assignments when analyzing whether one can challenge an assignment to which one is not a party); *Rivera*

*v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (same).

Plaintiffs allege that GMAC lacks standing to foreclose on the Property because the Deed of Trust was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS"), which Plaintiffs allege is a fictitious entity, thus rendering the assignment void. (Pls.' Compl. ¶¶ 7-9.) Because Plaintiffs aver that the assignment was rendered void, they have standing to bring this claim. However, the summary-judgment evidence establishes that there is no genuine issue of material fact that exists for trial. The summary-judgment evidence shows that on December 23, 2004, the Deed of Trust was assigned from Washington Mutual Bank, FA, as successor by merger to Home Savings, to BONYM. (App. to Def.'s MSJ at 13-14, Ex. B.) This assignment was recorded in the Official Public Records of Dallas County on November 9, 2011. (*Id.*) The Note was also assigned and made payable to BONYM, as successor by merger to JP Morgan Chase Bank, N.A. (Pls.' Compl. Ex. C.) BONYM is the holder of the Note. (*Id.)* GMAC, acting on behalf of BONYM, is the loan servicer on Plaintiffs' account. (*Id.* at 1, Ex. A, B.) There simply is no evidence to support Plaintiffs' allegation that the Deed of Trust was assigned by MERS, or that it was ever even assigned to MERS.

Once GMAC establishes that there is no genuine issue of material fact that exists for trial, Plaintiffs have the burden to present evidence of the existence of a genuine fact issue. *See Matsushita,* 475 U.S. at 586. Plaintiffs' response to the Motion for Summary Judgment is devoid of any evidence which would demonstrate that MERS assigned the Deed of Trust. Moreover, even if MERS did assign the Deed of Trust, the Fifth Circuit has recently found that under Texas law, MERS has the authority to assign a deed of trust. *Martins*, 722 F.3d at 253 ("Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable . . . .").

Even when viewing the evidence in a light most favorable to Plaintiffs, there is no genuine issue

of material fact that exists for trial. GMAC is, therefore, entitled to summary judgment as to Plaintiffs' claims for declaratory and injunctive relief which are premised upon the theory that GMAC lacked the power to foreclose on the Property because the assignment of the Deed of Trust was rendered void by MERS.

### Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** GMAC's Motion for Summary Judgment (doc. 32) and enter judgment in favor of GMAC. The Court further recommends that the District Court **DENY** as **MOOT** GMAC's Motion to Dismiss Pursuant to Rule 37(B)(2)(V) (doc. 31), as there are no remaining claims for the Court to dismiss.

**SO RECOMMENDED**, September 6, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).